Ronald P. Pope, NE#19689
RALSTON, POPE & DIEHL, LLC
2913 S.W. Maupin Lane
Topeka, Kansas 66614
(785) 273-8002
Fax: (785) 273-0744
ron@ralstonpope.com
*ATTORNEY FOR PLAINTIFFS*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEVON L. VICKERS ) | |
| and ) | |
| MARK P. VICKERS, ) | |
| Plaintiffs, ) | |
| ) | Case No._____ |
| vs. ) | |
| ) | Court No._____ |
| PAUL M. WILLETTE, M.D. ) | |
| and ) | |
| BOX BUTTE GENERAL HOSPITAL, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

COME NOW the Plaintiffs, by and through their attorneys, and for their causes of action against these defendants hereby state and allege as follows:

**I.   THE PARTIES**

1. Plaintiffs Devon L. Vickers and Mark P. Vickers are individuals currently residing in Shawnee, Johnson County, Kansas.

2. At all relevant times during the occurrences hereinafter set forth in this Complaint, the Plaintiffs resided in Alliance, Box Butte County, Nebraska.

3. At all relevant times during the occurrences hereinafter set forth in this Complaint, Plaintiff Devon L. Vickers was cared for by Defendant Paul M. Willette, M.D. (Defendant Dr. Willette).

4. To the best of Plaintiffs' knowledge and belief, at all relevant times during the occurrences hereinafter set forth in this Complaint, Defendant Dr. Willette was a resident of the state of Nebraska and a physician licensed by the state of Nebraska who was engaged in the practice of medicine in Alliance, Box Butte County, Nebraska.

5. At all times relevant hereto, Defendant Dr. Willette held himself out as offering that degree of medical care and treatment as other physicians with the same or similar training under the same or similar circumstances.

6. At all times relevant hereto, Defendant Dr. Willette held a physician-patient relationship with Plaintiff Devon L. Vickers.

7. At all relevant times during the occurrences hereinafter set forth in this Complaint, Defendant Dr. Willette maintained his offices at the Greater Nebraska Medical & Surgical Services located at 2091 Box Butte Avenue, Suite 200, Alliance, Box Butte County, Nebraska 69301. Defendant Dr. Willette may be properly served with Summons at this address.

8. Defendant Box Butte General Hospital (Defendant Hospital) is a political subdivision with its principal place of business in Alliance, Box Butte County, Nebraska. On or about April 26, 2012, Plaintiffs, by and through their attorneys, sent Notice of Claim under the Political Subdivision Claims Act to the County Clerk and the County Attorney of Box Butte County, Nebraska; to David Briggs, Chairman of the Board of Trustees of Defendant Hospital; and to Dan Griess, Chief Executive Officer of Defendant Hospital.

A copy of Plaintiffs' Notice of Claim is attached to this Complaint as Exhibit A and incorporated herein as if fully set forth herein. More than six (6) months have passed since the submission of said Claim. No action has been taken on said Claim, and Plaintiffs hereby withdraw their Claim. A copy of Plaintiffs' Notice of Withdrawal of Claim is attached to this Complaint as Exhibit B and incorporated herein as if fully set forth herein.

9. Defendant Hospital is a health care facility licensed with the state of Nebraska located at 2101 Box Butte Avenue, Alliance, Box Butte County, Nebraska.

10. At all times relevant hereto, Defendant Hospital held itself out as offering that degree of medical care and treatment as other hospitals under the same or similar circumstances.

11. At all times relevant hereto, Defendant Hospital held a hospital-patient relationship with Plaintiff Devon L. Vickers.

12. To the best of Plaintiffs' knowledge and belief, at all relevant times during the occurrences hereinafter set forth in this Complaint, Defendant Dr. Willette was in the employ of Defendant Hospital, and he was acting within the scope of his employment such that Defendant Hospital is vicariously liable for the negligent acts, commissions, and omissions of Defendant Dr. Willette made within the scope of such employment.

13. At all relevant times during the occurrences hereinafter set forth in this Complaint, Plaintiff Devon L. Vickers was treated at Defendant Hospital by Defendant Dr. Willette and by its employees, agents, ostensible agents, medical staff, nurses and other doctors.

14. Defendant Hospital is vicariously liable for the negligence and fault of its employees, agents, ostensible agents, medical staff, nurses, and other doctors while these individuals were acting within the scope and authority of their employment with Defendant Hospital.

15. Upon information and belief, this is a medical malpractice action which falls under the scope of the Nebraska Hospital-Medical Liability Act, Neb. Rev. Stat. § 44-2801, *et seq.*, as to all defendants.

16. Pursuant to Neb. Rev. Stat. § 44-2840(4), plaintiffs waive their right to a panel review under the Nebraska Hospital-Medical Liability Act, and plaintiff will serve a copy of Plaintiff's Complaint upon Bruce R. Ramge, Director, Nebraska Department of Insurance, Terminal Building, 941 O Street, Suite 400, Lincoln, NE 68508-3639, advising him of the same.

## II. JURISDICTION AND VENUE

17. Plaintiffs adopt and incorporate by reference paragraphs 1 through 16 of their Complaint as if fully set forth herein

18. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as there is complete diversity of citizenship and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

19. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to these claims occurred in the State of Nebraska and because both defendants have subjected themselves to the personal jurisdiction of this Court.

## III. FACTS COMMON TO ALL COUNTS

### Bile Duct Injury

20. Plaintiffs adopt and incorporate by reference paragraphs 1 through 19 of their Complaint as though fully set forth herein.

21. On April 21, 2011, Plaintiff Devon L. Vickers presented to the Emergency Department of Defendant Hospital complaining of severe abdominal pain. Mark Y. Chu,, M.D.

examined Plaintiff, prescribed Vicodin, and set up a consult with Defendant Dr. Willette for the next day.

22. On April 22, 2011, Plaintiff Devon L. Vickers presented to Defendant Hospital for her consult with Defendant Dr. Willette and was diagnosed with chronic cholecystitis. Defendant Dr. Willette scheduled Plaintiff for a laparoscopic cholecystectomy for the removal of her gallbladder to take place on April 25, 2011.

23. On April 25, 2011, Defendant Dr. Willette performed a laparoscopic cholecystectomy at Defendant Hospital removing Plaintiff Devon L. Vickers' gallbladder.

24. Prior to surgery Plaintiff Devon L. Vickers was told that the procedure would take only a short period of time and that she would be released to her home after a few hours of rest in the recovery room. At no time did Defendant Dr. Willette or any other staff member, nurse or doctor of Defendant Hospital explain to either Plaintiff that a well-known and common risk of a laparoscopic cholecystectomy was the injury of a bile duct.

25. Immediately following her surgery, Plaintiff Devon L. Vickers experienced nausea and severe abdominal pains causing her to be kept at Defendant Hospital overnight.

26. On the evening of April 29, 2011, Plaintiff Devon L. Vickers was taken back to Defendant Hospital by her husband because of her persistent nausea and severe abdominal pain. Upon orders given by Defendant Dr. Willette, Plaintiff was examined and her abdomen X-rayed. Plaintiff was then discharged to her home and told that the X-rays showed no remarkable findings, but she was to be treated for constipation and mild ileus.

27. From April 29, 2011, to May 2, 2011, upon orders from Defendant Dr. Willette, Plaintiff Devon L. Vickers was aggressively treated for "constipation" by the staff, nurses and

doctors at Defendant Hospital. During this same time while at Defendant Hospital she was administered intravenous pain medication including Vicodin, Hydromorphone, Toradol, and Lorazepam.

28. On May 2, 2011, because of Plaintiff Devon L. Vickers' complaints of persistent nausea and severe abdominal pain, Defendant Dr. Willette ordered a CT Scan of Plaintiff Devon L. Vickers' abdomen and pelvic areas. The CT Scan was performed at Defendant Hospital and revealed excess fluid in Plaintiff's pelvic area which was of uncertain etiology.

29. On May 3, 2011, based upon the findings from the CT Scan, Defendant Dr. Willette admitted Plaintiff Devon L. Vickers to Defendant Hospital where he performed a diagnostic laparoscopy and found a large collection of bile which had caused a part of Plaintiff's colon to adhere to her liver, but he indicated that he did not find any evidence of an active bile leak.

30. Because of his findings during the diagnostic laparoscopy, Defendant Dr. Willette performed several corrective procedures before ending the laparoscopy, including a draining of the accumulated bile and the insertion of a JP Drain for the collection of bile.

31. On May 4, 2011, Defendant Dr. Willette caused Plaintiff Devon L. Vickers to be transferred by ambulance to Rapid City Regional Hospital, over 150 miles from Defendant Hospital. He had contacted Michael P. McGuire, M.D., a gastroenterology specialist, to further examine Plaintiff Devon L. Vickers for the cause of her bile leak and abdominal pain.

32. Immediately upon arrival at Rapid City Regional Hospital, Dr. McGuire performed an Endoscopic Retrograde Cholangiopancreatogram (ERCP) and found a bile leak from

(either) the cystic duct remnant or the right biliary radical, indicating a Type A Bile Duct Injury.

33. Dr. McGuire's findings caused him to perform a sphincterotomy and placement of a biliary stent. That very same day Plaintiff Devon L. Vickers was released from Rapid City Regional Hospital and told to see Defendant Dr. Willette for follow up care and treatment.

34. At no time during the period from April 25, 2011, through May 3, 2011, when Plaintiff Devon L. Vickers was suffering from severe abdominal pain after Plaintiff's laparoscopic cholecystectomy, did Defendant Dr. Willette or any other member of the staff, nurses or doctors of Defendant Hospital ever obtain a consultation of a specialist to determine the cause and extent of Plaintiff's severe abdominal pain.

35. At no time during the period from April 25, 2011, through May 3, 2011, when Plaintiff Devon L. Vickers was suffering from severe abdominal pain after Plaintiff's laparoscopic cholecystectomy did Dr. Willette or any other member of the staff, nurses or doctors of Defendant Hospital ever cause to be performed a Hepatobiliary Iminodiacetic Acid (HIDA) scan, a liver function test, an ultra sonography or a CT scan by a specialist experienced in bile duct injuries.

36. Defendants' failure to timely and properly recognize and diagnose Plaintiff Devon L. Vickers' bile duct injury as set forth above in this Complaint caused Plaintiff to suffer unnecessary surgical procedures, severe pain and suffering, and permanent injuries.

<u>Acute Cholangitis and Candida</u>

37. On the morning of May 6, 2011, Plaintiff Devon L. Vickers was admitted once again to the Emergency Department of Defendant Hospital with the following complaints:

- Severe abdominal pain spreading to her back
- Nausea
- Vomiting
- Painful urination
- Left shoulder pain
- Difficulty breathing

38. Upon being admitted to Defendant Hospital, Plaintiff Devon L. Vickers was examined by Jerre Mount, a physician assistant, who diagnosed her with acute left upper quadrant abdominal pain.

39. Defendant Dr. Willette was consulted upon Plaintiff's admission and he ordered IV fluids and pain medications including the drug Toradol which is a Nonsteroidal Anti-inflammatory Drug (NSAID).

40. Upon learning that she was given Toradol, Plaintiff Devon L. Vickers complained to Dr. Willette and to other staff, nurses and doctors of Defendant Hospital. Plaintiff knew that Dr. McGuire had specifically prohibited the use of any NSAIDs because their use would promote gastrointestinal bleeding. Regardless of Dr. McGuire's order and Plaintiff's complaints, Plaintiff continued to receive the drug Toradol.

41. The following day, May 7, 2011, Plaintiff suffered great pain and suffering and a further setback in her care when the staff, nurses and doctors of Defendant Hospital administered to Plaintiff the wrong dose of potassium.

42. From May 6, 2011, to May 9, 2011, Plaintiff Devon L. Vickers' health continued to worsen and her list of health problems continued to grow to include the following:

       a.    Severe abdominal pain;
       b.    Nausea;
       c.    Vomiting;
       d.    Fever/Chills;
       e.    Tachycardia;
       f.    Hypotension;

      g.    Rash on thighs;
      h.    Anemia;
      i.    Anorexia;
      j.    Leukocytosis; and
      k.    Melena.

43. On May 9, 2011, after failing to properly treat Plaintiff Devon L. Vickers and diagnose her deteriorating health, and being concerned that she was near death, Defendant Dr. Willette caused Plaintiff to be transferred back to Rapid City Regional Hospital by life flight.

44. Immediately upon arrival at Rapid City Regional Hospital, a CT Scan was ordered in addition to other tests which ultimately led to the correct diagnosis that Plaintiff Devon L. Vickers was suffering from Acute Cholangitis, Melena Secondary to Gastrointestinal Bleeding, and Candida.

45. At no time during the period from May 6, 2011, to May 9, 2011, when Plaintiff Devon L. Vickers was in pain and suffering and her overall health was deteriorating from what was obviously a severe infection, did Defendant Dr. Willette or any other member of the staff, nurses or doctors of Defendant Hospital ever obtain a consultation of a specialist to determine the cause and extent of Plaintiff's severe illness.

46. At no time during the period from May 6, 2011, to May 9, 2011, when Plaintiff Devon L. Vickers was in pain and suffering and her overall health was deteriorating from what was obviously a severe infection, did Defendant Dr. Willette or any other member of the staff, nurses or doctors of Defendant Hospital ever cause to be performed a CT Scan by a specialist experienced in infectious disease.

47. Defendants' failure to timely and properly recognize and diagnose Plaintiff Devon L. Vickers' infection as set forth above in this Complaint caused Plaintiff to suffer severe pain and suffering and permanent injuries.

48. At all relevant times during the occurrences set forth in this Complaint, Defendant Hospital was acting by and through its actual and apparent agents, servants and employees; and at the time of the acts complained of herein, said persons were acting within the course and scope of their employment with Defendant Hospital.

## COUNT I

NEGLIGENCE AND MEDICAL MALPRACTICE AGAINST ALL DEFENDANTS

COMES NOW the Plaintiff Devon L. Vickers and for Count I of her Complaint states and alleges the following cause of action against all Defendants, jointly and severally.

49. Plaintiff hereby repeats, re-alleges, and incorporates herein by this reference each and every allegation heretofore plead as though fully set forth herein.

50. At all times during her treatment as set forth above in this Complaint, the Defendants, individually and by and through their agents, servants and employees, had a duty to use that degree of skill and learning ordinarily possessed and used under the same or similar circumstances by members of their profession and/or a duty to exercise such reasonable care as Plaintiff Devon L. Vickers' condition required.

51. At all times during her treatment as set forth above in this Complaint, Defendant Hospital had a duty to use that degree of care, skill and diligence used by hospitals generally in the community or in similar communities under like circumstances in the treatment of Plaintiff Devon L. Vickers.

52. The Defendants, individually and by and through their agents, servants and employees, during the course of their treatment of Plaintiff Devon L. Vickers, breached their duty to Plaintiff and they were negligent actually and ostensibly by failing to use that degree of care, diligence, skill and learning ordinarily used by hospitals and members of their profession under the same or similar circumstances in one or more of the following respects.

53. The Defendants, individually and by and through their agents, servants and employees, during the course of their treatment of Plaintiff Devon L. Vickers, were negligent in failing to diagnose and treat Plaintiff Devon L. Vickers' bile duct injury, as follows:

   a. In failing to arrange timely, immediate studies which would have shown Plaintiff suffered a bile duct injury;

   b. In failing to perform testing to further evaluate the cause of Plaintiff's pain;

   c. In failing to pursue appropriate diagnostic evaluations which would have led to the diagnosis of Plaintiff's bile duct injury;

   d. In failing to provide Plaintiff with timely specialized care for a bile duct injury;

   e. In failing to obtain a timely ERCP;

   f. In failing to find Plaintiff's bile duct injury;

   g. In failing to timely and appropriately seek consultation with specialized gastroenterology consultants;

   h. In failing to adequately warn and/or advise Plaintiff of the risks of not treating her for a bile duct injury;

   i. In failing to create and or implement appropriate policies, procedures, guidelines, rules and regulations with regard to the evaluation, treatment and referral of patients like Plaintiff who undergo a laparoscopic cholecystectomy and diagnostic laparoscopy;

    j. In failing to provide and/or enforce adequate standards, rules, regulations, protocols and/or safeguards to ensure a complete, accurate and timely evaluation of patients in the same or similar circumstances as Plaintiff;

    k. In failing to diagnose Plaintiff's true medical condition; and

    l. In failing to provide the necessary level of professional care required for a patient with a bile duct injury.

54. The Defendants, individually and by and through their agents, servants and employees, during the course of their treatment of Plaintiff Devon L. Vickers, were negligent in failing to diagnose and treat Plaintiff Devon L. Vickers' acute cholangitis and candida, as follows:

    a. In failing to arrange timely, immediate studies which would have shown Plaintiff was suffering from acute cholangitis and candida;

    b. In failing to perform testing to further evaluate the cause of Plaintiff's pain;

    c. In failing to pursue appropriate diagnostic evaluations which would have led to the diagnosis of Plaintiff's acute cholangitis and candida

    d. In failing to timely and appropriately seek consultation with specialized infectious disease consultants;

    e. In failing to adequately warn and/or advise Plaintiff of the risks of not treating her for acute cholangitis and candida;

    f. In failing to create and or implement appropriate policies, procedures, guidelines, rules and regulations with regard to the evaluation, treatment and referral of patients like Plaintiff who suffer from acute cholangitis and candida;

    g. In failing to provide and/or enforce adequate standards, rules, regulations, protocols and/or safeguards to ensure a complete, accurate and timely evaluation of patients in the same or similar circumstances as Plaintiff;

    h. In failing to diagnose Plaintiff's true medical condition; and

    i. In failing to provide the necessary level of professional care required for a patient such as Plaintiff with acute cholangitis and candida.

55. As a direct and proximate result of the negligence of all Defendants, as set forth above in this Complaint, Plaintiff Devon L. Vickers has been made to sustain and suffer serious personal bodily injuries and damages which are permanent and progressive in nature; she has had to incur medical care and treatment to date; she has had to incur the expenses of the necessary medical care and treatment to date; she will have to receive additional medical care and treatment in the future and the costs associated with the same; she has been made to sustain past and future pain, suffering, and mental anguish; she has sustained permanent disabilities; she has sustained permanent disfigurement; she has suffered loss of time and will likely incur a future loss of time, income, and earning capacity; and she has sustained other damages all in an amount in excess of $75,000.00 exclusive of interest and costs.

WHEREFORE, Plaintiff Devon L. Vickers prays judgment against Defendants, jointly and severally, in an amount in excess of $75,000.00, for a determination of all pecuniary and non-pecuniary damages, for the costs of this lawsuit, and for such further and additional relief as the Court deems just and proper.

## COUNT II

### INFORMED CONSENT

COMES NOW the Plaintiff Devon L. Vickers and for Count II of her Complaint states and alleges the following cause of action against all Defendants, jointly and severally.

56. Plaintiff hereby repeats, re-alleges, and incorporates herein by this reference each and every allegation heretofore plead as though fully set forth herein.

57. Upon information and belief, at no time whatsoever did any party disclose to Plaintiff or obtain from Plaintiff informed consent as to the nature and probable consequences of the

treatment and practices used by Defendants in treating Plaintiff Devon L. Vickers, including the dangers within their knowledge which were possible, including but not limited to the risks, alternatives and benefits of (i) a laparoscopic cholecystectomy and (ii) not undergoing immediate testing to determine the existence of acute cholangitis and candida.

58. Said disclosures and informed consent were required for Plaintiff to make an intelligent, informed opinion and give consent to the practices used by Defendants during Plaintiff Devon L. Vickers' treatment. Defendants failed to disclose such information which a reasonable practitioner would have done under the same or similar circumstances.

59. Defendants' failure to disclose and obtain informed consent caused injury to Plaintiff Devon L. Vickers and was a direct result of Defendants' breach of their duty owed. Plaintiff.

60. As a direct and proximate result of the negligence of all Defendants, as set forth above in this Complaint, Plaintiff Devon L. Vickers has been made to sustain and suffer serious personal bodily injuries and damages which are permanent and progressive in nature; she has had to incur medical care and treatment to date; she has had to incur the expenses of the necessary medical care and treatment to date; she will have to receive additional medical care and treatment in the future and the costs associated with the same; she has been made to sustain past and future pain, suffering, and mental anguish; she has sustained permanent disabilities; she has sustained permanent disfigurement; she has suffered loss of time and will likely incur a future loss of time, income, and earning capacity; and she has sustained other damages all in an amount in excess of $75,000.00 exclusive of interest and costs.

WHEREFORE, Plaintiff Devon L. Vickers prays judgment against Defendants, jointly and severally, in the amount in excess of $75,000.00, for a determination of all pecuniary and non-pecuniary damages, for the costs of this lawsuit, and for such further and additional relief as the Court deems just and proper.

## **COUNT III**

### LOSS OF CONSORTIUM

COMES NOW the Plaintiff Mark P. Vickers and for Count III of his Complaint states and alleges the following cause of action against all Defendants, jointly and severally.

61. Plaintiff hereby repeats, re-alleges, and incorporates herein by this reference each and every allegation heretofore plead as though fully set forth herein.

62. Plaintiff Mark P. Vickers is and was at all times the lawful husband of Plaintiff Devon L. Vickers.

63. As a direct and proximate result of the negligence of the Defendants and the resulting injuries to Plaintiff Devon L. Vickers, as set forth above in this Complaint, Plaintiff Mark P. Vickers has suffered damages in the form of loss of household services, companionship, comfort, society and spousal consortium.

WHEREFORE, Plaintiff Mark P. Vickers prays judgment against Defendants, jointly and severally, in an amount in excess of $75,000.00, for a determination of all pecuniary and non-pecuniary damages, for the costs of this lawsuit, and for such further and additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby make demand for a trial by jury as to all issues herein set forth.

Respectfully Submitted,

s/s Ronald P. Pope #19689
Ronald P. Pope, NE#19689
RALSTON, POPE & DIEHL, LLC
2913 S.W. Maupin Lane
Topeka, Kansas 66614
(785) 273-8002
Fax: (785) 273-0744
ron@ralstonpope.com
*ATTORNEY FOR PLAINTIFFS*